**Codification of Pennsylvania Code**

CREAMER, J., Attorney General, August 9, 1972.— You have requested our opinion as to the interpretation of Contract No. 100 between the Commonwealth and Autocode, Inc., relating to the codification of documents under the Commonwealth Documents Law of July 31, 1968 (No. 240), 45 PS §1101, et seq., and the publication of the Pennsylvania Code and its supplement (presently published on a quarterly basis), the Pennsylvania Code Reporter.

Contract No. 100, which was executed in 1969 and which expires on June 30, 1973, contemplates two functions: (1) the initial codification and publication of Commonwealth administrative regulations, legislative documents, court rules and related judicial documents, and home rule charters in the Pennsylvania Code; and (2) the continuous upkeep of the Code by the preparation and distribution of additional and superseding loose-leaf pages.

In 1969, when the contract was executed, it was anticipated that function (1), above, would be completed well before June 30, 1973, and that a renewal contract for the period commencing July 1, 1973, would relate simply to function (2) above. You have now advised us, however, that the contractor has not progressed as rapidly as required under the contract, and that although all of the manuscript material will be in the hands of the contractor by June 30, 1973, the

contractor will not have delivered finished binders with respect to all of the Titles of the Pennsylvania Code by that time.

You have asked our opinion as to whether the Commonwealth may require the contractor to complete work after June 30, 1973, on manuscript furnished to it on or before that date and, since the contractor is paid only on delivery, make payments therefor at dates subsequent to June 30, 1973, or whether the Commonwealth will be forced to provide in the contract specifications for the contract for the period commencing July 1, 1973, that the successor contractor shall take over all work in progesss at June 30, 1973, and complete such work under the terms of the succeeding contract. You point out that in view of price level inflation since 1969 there is a substantial risk that the succeeding contract may be more costly than the present one and that the transfer of work in progress from one contractor to another is an undesirable procedure.

It is apparent from a reading of the contract that delays of the kind which have impeded prompt completion of the initial codification were not anticipated when the contract was signed. It is equally apparent that the intent of the parties was that the code be produced in toto by the contractor under the terms agreed upon. Accordingly, we are of the opinion, and you are advised, that all copy for the Pennsylvania Code submitted to the contractor under Contract No. 100 on or before June 30, 1973, is covered by that contract; that the contractor under that contract is obligated to codify and publish such copy pursuant to the price specified in the contract; and that where delivery of units of the code is made subsequent to June 30, 1973, payment by the Commonwealth for such units may also be made subsequent to June 30, 1973.

In accordance with section 512 of The Administrative Code, we have received the opinion of the State Treasurer and Auditor General on this opinion and they concur therein.